IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01044-BNB

ANDREW S. FASTOW,

    Petitioner,

v.

RON WILEY, Warden, Federal Prison Camp at Florence, Colorado,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 6 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

    Petitioner Andrew S. Fastow is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado.  Mr.

Fastow has filed, through counsel, a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.  In an order filed on May 15, 2009, Magistrate Judge Boyd N. Boland

ordered Respondent to file a preliminary response limited to addressing the affirmative

defense of exhaustion of administrative remedies if Respondent intends to raise that

defense in this action.  On May 29, 2009, Respondent filed a Preliminary Response to

Petition for Writ of Habeas Corpus.  On June 18, 2009, Mr. Fastow filed a Preliminary

Reply to the preliminary response.  For the reasons stated below, the action will be

dismissed.

    Mr. Fastow alleges that he has been dependent on and abused both alcohol and

the prescription anti-anxiety medication Xanax.  Mr. Fastow filed the instant action

seeking admission into the BOP Residential Drug Abuse Program (RDAP) in order to

be eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes a sentence reduction of up to one year for inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program.  According to Mr. Fastow, his drug abuse is documented in his presentence report; the prosecuting attorney in his criminal case recommended that he be admitted into RDAP; the sentencing court recommended that he participate in RDAP; the BOP has documented his drug abuse; BOP officials in Louisiana determined he was eligible to participate in RDAP in April 2008; and he was transferred to the Florence prison camp in January 2009 to participate in RDAP.  In February 2009, following his transfer, BOP officials in Florence determined that Mr. Fastow is not eligible to participate in RDAP because he does not have a substance abuse disorder.

Respondent argues that this action should be dismissed because Mr. Fastow has failed to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986).  The exhaustion requirement is satisfied only through proper use of the available administrative procedures.  **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Fastow.  **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by

2

filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The parties agree that Mr. Fastow has filed an administrative remedy request pertinent to his claims in this action, that his administrative remedy request was denied, and that his regional appeal also was denied. Respondent asserts that Mr. Fastow has not exhausted administrative remedies because he has not filed a national appeal. According to Mr. Fastow, he filed a national appeal after Respondent filed the preliminary response. However, Mr. Fastow concedes that he has not yet received a response to his national appeal. According to Mr. Fastow, the response to his national appeal is not due until July 15, 2009, and the BOP may extend the time for a response until August 4, 2009.

Mr. Fastow argues that this action should not be dismissed for failure to exhaust because exhaustion of administrative remedies would be futile. Mr. Fastow specifically argues that exhaustion would be futile because his "National appeal will almost certainly be denied." (Prelim. Reply at 4.) Mr. Fastow believes his national appeal almost certainly will be denied because the responses to his administrative remedy request and regional appeal state that he fails to meet the eligibility criteria for RDAP without specifying which criterion he fails to meet. Mr. Fastow also contends that exhaustion would be futile because he was told "the National office – 'Washington' – was involved in the decision to withdraw [his] eligibility in the first place." (*Id.* at 5.) Mr. Fastow maintains that the futility of pursuing administrative remedies was underscored by a counselor who "simultaneously gave Fastow both the BP-8 and BP-9 appeal forms,

3

because, as he said, 'we' already know what the response will be." (*Id.*)[1] Finally, Mr. Fastow asserts that his attorneys have written to the BOP regional and national offices multiple times regarding Mr. Fastow's RDAP eligibility and have not received a response.

Mr. Fastow is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). In reliance on *Fraley*, Mr. Fastow argues that exhaustion is futile when the administrative body almost certainly would deny the request. *See id.* In the instant action, Mr. Fastow fails to convince the Court that the BOP almost certainly will deny his national appeal.

In *Fraley*, the petitioner's administrative remedy request seeking credit against her sentence for time spent under house arrest prior to trial was denied pursuant to an official BOP policy. *See id.* The Ninth Circuit determined that further efforts to exhaust administrative remedies would be futile "because the Regional Director would almost certainly have denied her request as well, citing the same official [BOP] policy." *Id.* Unlike the petitioner in *Fraley*, Mr. Fastow does not identify any official BOP policy relevant to the determination that he is not eligible to participate in RDAP that similarly would make further efforts to exhaust administrative remedies on his part futile.

---

[1] Mr. Fastow states in his Preliminary Reply that the counselor who provided the administrative remedy request forms was Paul Enderle, who he identifies as his counselor at the prison camp in Louisiana. (*See* Prelim. Reply at 5.) Mr. Fastow alleges in the petition that Mr. Enderle is his counselor at the Florence prison camp. (*See* Pet. for Writ of Habeas Corpus at 9.) Similarly, Mr. Fastow refers to a Dr. Morrison in his Preliminary Reply, who he identifies as a physician at the prison camp in Louisiana. (*See* Prelim. Reply at 5.) Mr. Fastow alleges in the petition that Dr. Morrison is the RDAP coordinator at the Florence prison camp. (*See* Pet. for Writ of Habeas Corpus at 8.) These discrepancies do not affect the Court's conclusions regarding exhaustion.

Mr. Fastow's contention that "the National office – 'Washington' – was involved in the decision to withdraw [his] eligibility in the first place" (Prelim. Reply at 5) also does not convince the Court that exhaustion is futile.  It is clear from Mr. Fastow's petition, in which he provides more detail regarding the alleged involvement of the national office in determining his RDAP eligibility, that the alleged involvement refers to involvement by the national RDAP coordinator.  (*See* Pet. for Writ of Habeas Corpus at 8.)  Pursuant to the rules applicable to the BOP administrative remedy program, Mr. Fastow's national appeal must be submitted to the National Inmate Appeals Administrator in the Office of General Counsel.  *See* 28 C.F.R. § 542.15(b)(3).  As a result, the alleged involvement of the national RDAP coordinator in determining Mr. Fastow's RDAP eligibility does not demonstrate that exhaustion of administrative remedies would be futile.

Mr. Fastow also asserts that the futility of exhausting administrative remedies was underscored by the fact that his counselor simultaneously gave him both the BP-8 and BP-9 appeal forms because "'we' already know what the response will be." (Prelim. Reply at 5.)  A BP-8 is the BOP's informal resolution form and a BP-9 is the formal administrative remedy request filed at the institutional level.  (*See* Prelim. Resp., Ex. A-1, Decl. of Christopher B. Synsvoll at ¶7.)  Although providing Mr. Fastow with the formal administrative remedy request form at the same time he was provided with the informal resolution form may indicate that the informal step was futile, it does not demonstrates that a national appeal also would be futile.

Finally, Mr. Fastow's argument that exhaustion is futile because his attorneys have not received a response to their written communications with the BOP regional

and national offices lacks merit.  These communications, which fall outside the BOP administrative remedy procedure, do not demonstrate that Mr. Fastow's efforts to exhaust administrative remedies in accordance with the BOP administrative remedy procedure are futile.

For all of these reasons, the Court does not agree with Mr. Fastow that it would be futile to exhaust administrative remedies with respect to his claims in this action.

Mr. Fastow next argues that the Court should excuse the exhaustion requirement because administrative remedies could have been exhausted already if he had received timely notification that his regional appeal was denied on May 7, 2009.  Mr. Fastow asserts that the response to his regional appeal originally was due on May 6, 2009; that on May 8, 2009, the BOP extended the time to respond to the regional appeal by thirty days; that the regional appeal actually was denied on May 7, 2009; and that he did receive notice that his regional appeal had been denied until May 26, 2009.  According to Mr. Fastow, if he had received timely notification of the denial of his regional appeal, he could have filed his national appeal sooner and exhausted administrative remedies by mid-June.  Of course, the fact that Mr. Fastow could have completed the BOP administrative remedy procedure in mid-June if he had received timely notification that his regional appeal was denied on May 7, 2009, does not explain or justify the fact that he filed this action on May 5, 2009, before his regional appeal was decided.

Mr. Fastow also argues that this action should not be dismissed for failure to exhaust administrative remedies because he may suffer irreparable harm if this action is not adjudicated sufficiently in advance of September 17, 2009, to permit him to begin the RDAP program by that date.  Mr. Fastow's projected release date is December 17,

2011, and he asserts that it will take fifteen months to complete the RDAP program, an assertion that Respondent does not dispute.  Therefore, working backwards from December 17, 2011, Mr. Fastow contends that he will not be eligible for a maximum one-year sentence reduction upon successful completion of the RDAP if he does not being the RDAP program by September 17, 2009.

The Court does not find that the irreparable harm Mr. Fastow allegedly may suffer if he does not begin the RDAP program by September 17, 2009, excuses his failure to exhaust administrative remedies prior to commencing this action.  Mr. Fastow does not cite any authority for the proposition that the exhaustion requirement may be excused under these circumstances.  As previously stated, exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams*, 792 F.2d at 987.

Finally, Mr. Fastow alternatively asks the Court to stay this action pending completion of the BOP administrative remedy procedure rather than dismissing the petition for failure to exhaust administrative remedies.  That request will be denied.  Accordingly, it is

ORDERED that the habeas corpus petition is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 25 day of _____June_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01044-BNB

Norman R. Mueller
Attorney at Law
**DELIVERED ELECTRONICALLY**

Juan G. Villasenor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on _6/26/09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk